YONG XIANG LIN, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 05–6264–ag.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2007.

Gary J. Yerman, New York, New York,
for Petitioner.

John C. Richter, United States Attorney
for the Western District of Oklahoma,
Eleanor Darden Thompson, Assistant
United States Attorney, Oklahoma City,
Oklahoma, for Respondent.

PRESENT: Hon. ROSEMARY S.
POOLER, Hon. BARRINGTON D.
PARKER, Hon. PETER W. HALL,
Circuit Judges.

## SUMMARY ORDER

Petitioner Yong Xiang Lin, a native and
citizen of China, seeks review of an Octo-
ber 28, 2005 order of the BIA denying his
first motion to reopen his proceedings. *In
re Yong Xiang Lin*, No. A 73 627 897
(B.I.A. Oct. 28, 2006). The BIA denied a
second motion to reopen on May 12, 2006.
*In re Yong Xiang Lin*, No. A 73 627 897
(B.I.A. May 12, 2006). On July 1, 1997,
the BIA affirmed the October 24, 1996
decision of Immigration Judge ("IJ") Ga-
briel Videla denying Lin's application for
asylum and withholding of deportation. *In
re Yong Xiang Lin*, No. A 73 627 897
(B.I.A. July 1, 1997), *aff'g In re Yong
Xiang Lin*, No. A 73 627 897 (Immig. Ct.
N.Y. City Oct. 24, 1996). We assume the
parties' familiarity with the underlying
facts and procedural history.

This Court reviews the BIA's denial of a
motion for abuse of discretion. *See, e.g.,
Twum v. INS*, 411 F.3d 54, 58 (2d Cir.
2005). An abuse of discretion will be
found "in those circumstances where the
[BIA's] decision provides no rational expla-
nation, inexplicably departs from estab-

lished policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Because Lin's petition for review was filed on November 23, 2005, it is timely only with respect to the BIA's October 2005 denial of his motion to reopen. Lin did not file a subsequent petition for review of the BIA's May 2006 denial of his second motion to reopen, and thus this Court does not have jurisdiction to review that decision. *Id.* at 89–90. Because Lin has failed to sufficiently argue the merits of the BIA's October 2005 denial of his motion to reopen before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.